In the Matter of Samuel Friedman, as President of the New York Local Joint Board of the Hotel and Restaurant Employees International Alliance and Bartenders International League of America, et al., Appellants, against Lewis J. Valentine, as Police Commissioner of the City of New York, Respondent.

First Department, July 2, 1943.

*Louis B. Boudin* of counsel (*Boudin, Cohn & Glickstein,* attorneys), for appellants.

*Paxton Blair* of counsel (*Charles C. Weinstein* and *Bernard Friedlander* with him on the brief; *Robert H. Schaffer, Acting Corporation Counsel*), for respondent.

Order affirmed, with twenty dollars costs and disbursements. No opinion.

MARTIN, P. J., TOWNLEY, DORE and COHN, JJ., concur; CALLAHAN, J., concurs in opinion.

CALLAHAN, J. (concurring). This case differs from *Acorn Employment Service, Inc.,* v. *Moss* (266 App. Div. 829), in that here, in addition to the power granted by section 885 of the New York City Charter (1938) permitting the Commissioner to make rules for the conduct of his own office, he is granted express power to make such rules and regulations for the supervision and operation of the businesses under his jurisdiction as are not inconsistent with any other provisions of law (New York City Charter [1938], § 436).

Reading all the applicable statutes together, including those defining the duties of the Police Commissioner there appears

0

to be a sufficient standard supplied concerning the rule-making power.

The regulations adopted (as amended) seem reasonable. Though the right retained in rule 5 of the Regulations Governing Cabarets to revoke an identification card is broad and without any express limitation, I think there is an implied limitation that the administrative act may only be for good cause shown. There is right to judicial review (Civ. Prac. Act, art. 78). Accordingly, there is no unconstitutional interference with the fundamental right to work.

The order should be affirmed, with twenty dollars costs and disbursements.