Louis J. Capozzoli, J.
This is a proceeding brought pursuant to article 78 of the Civil Practice Act for an order directing the commissioner of licenses of the City of New York to annul, withdraw and declare void a regulation heretofore promulgated by said officer whereby the activities of public porters are restricted to 100 feet from piers, bus terminals or railroad depot stations and petitioner further seeks an order prohibiting the police commissioner of the City of New York from enforcing said regulation.
Mr. Justice Steuer, in his decision of February 4, 1957, dismissed the petition as against the commissioner of licenses because the petitioner had sought the wrong remedy in that a legislative body or an officer given authority to make orders cannot by mandamus be ordered to annul a statute by reason of its unconstitutionality. However, as against the police commissioner, Mr. Justice Steuer held that, since he is about to act under an unconstitutional statute, he can be enjoined provided that a trial will establish such unconstitutionally. The learned Justice, therefore, remanded the matter for trial, saying : ‘ The ultimate decision rests upon the facts — whether the rule is grounded in a sufficient public necessity.”
*37 The trial has been held before this court and it has developed the following facts which the court concludes have been satisfactorily established:
In 1939 there were about 500 licensed public porters. In that year the City Council enacted a law which provided that no new licenses could be issued but that those persons already holding such licenses could renew them annually (Local Laws, 1939, No. 111 of City of New York). At the same time a subdivision b was added to section B32-112.0 of the Administrative Code of the City of New York, giving the commissioner of licenses authority to make rules and regulations for the conduct of public porters, including the time and place where they shall be permitted to solicit employment. Pursuant to this authority, and in the same year, the commissioner issued a regulation forbidding public porters from soliciting or accepting employment within 100 feet of any railroad station or pier used by ocean or coastal vessels or bus terminals, where the management supplied a staff to serve the patrons of the station, pier or terminal. (Cum. Comp, of Bules & Regulations of New York City Agencies [1938-1946], p. 401.) This regulation, however, was not enforced for 17 years. Meanwhile the number of licensed public porters has dwindled to about 37 from the original 500 in existence in 1939, most of them elderly. In October of 1956 the commissioner notified the licensees that, unless they complied with the regulation, action would be taken to forfeit their licenses.
“ The right to pursue any calling may be conditioned. Any occupation may be reasonably regulated if others may be exposed to danger or misfortune by such calling. * * * The test of constitutionality is whether an evil exists and whether there is a logical relation between the eradication of the evil and the enactment of regulations intended to cure the condition.” (Matter of Friedman v. Valentine, 177 Misc. 437, 441, affd. 266 App. Div. 561.)
The trial has failed to show any condition whereby it might be said that there is any compelling necessity for the promulgation of the regulation under attack. In effect, the regulation deprives the licensees of the benefit of their license and is tantamount to an annulment of the law, enacted by the City Council, which recognized the rights of the licensees and sought to protect them. This court is satisfied that, if this regulation is enforced by the police commissioner, the public porters might as well stay at home, as it is next to impossible for them to discharge the duties which the city authorized them to perform.
This court is not unmindful of the authority given to the commissioner of licenses under the Administrative Code, *38 (§ B32-112.0), already cited above. However, this authority, so conferred by this statute, cannot justify the regulation under attack, because in practical terms it strikes a mortal blow to the rights of public porters given to them by the license received from the city and for which they paid a fee.
This court is satisfied, from all the evidence in the case, that there is no evil in existence for which these public porters are responsible and which is sought to be eradicated by the enforcement of this regulation. The court is convinced that the only reason why the regulation is sought to be enforced after 17 years, is because of the prodding by certain private interests, evidence of which was clearly given at the trial.
The petition, insofar as it seeks an order prohibiting the police commissioner of the City of New York from enforcing the above regulation, is granted.
This constitutes the decision of the court in accordance with section 440 of the Civil Practice Act. Settle order.