Aron Steueb, J.
The plaintiffs are several electricians licensed by defendant, City of New York, through its department of water supply, gas and electricity. The actions seek a declaratory judgment and an injunction. The declaration sought is that Local Law No. 3 of 1957, being section B30-14.10 (tit. B, ch. 30) of the New York City Administrative Code, be declared unconstitutional. It also seeks a declaration of unconstitutionality of the prior existing section of the Administrative Code which Local Law No. 3 replaced. The section provides for the licensing of electricians. There is no objection to licensing as such, plaintiffs complain solely as to the fee charged, namely $25(L In the prior section also under attack, the fee provided *755 was $100 and prior to that a fee of $25 was in force. Both parties have moved for judgment on the pleadings.
There is accord that the section of the code is not a revenue statute. There is further agreement that the fee which may be charged for the issuance of a license is such that will compensate the licensing authority for issuing and recording the license and pay for inspection to see to the enforcing of the license provisions. (People v. Jarvis, 19 App. Div. 466; Sperling v. Valentine, 176 Misc. 826.) But despite the clarity of decisions on that point, there is no agreement as to what is meant by inspection in regard to the licensing provisions. In respondent’s answer it is pointed out that the department inspects all electrical installments and in 1956 its cost for that service was $892,365.50, while its license revenue was $234,600. Assuming the same relative figures under the present provision of the code, the return would still be less than the cost. These figures are irrelevant. The inspections referred to have nothing to do with licensing. They are for the purpose of protecting the city’s inhabitants from the dangers attendant upon inferior workmanship. This expense would be precisely the same and equally necessary whether the artisans doing the work were licensed or not.
The city points out that no fee is charged for issuing permits or certificates of compliance. And it was stated on the argument that several electricians expressed a preference for the larger license fee in lieu of the imposition of such fees. The answer to that is quite plain. Plaintiffs represent the local electrical shop with the smaller contract and the lesser extent of business. By a head tax, which is what this amounts to, they are paying vastly more than their proportionate share. An electrical contractor with business in the millions pays exactly the same for the inspection of his work as a shop proprietor who grosses a few thousands. One is reminded of the laws of Verona which with fine impartiality forbade both the rich and the poor to sleep in the streets. There is no constitutional warrant for putting the expense of regulating the business of electricians in the guise of a license fee.
The statute is therefore unconstitutional and defendants’ motion must be denied except as indicated below, and plaintiffs ’ granted but only to the extent that it seeks the declaration. It is not up to the court to fix the fee or to limit the Legislature in advance of their enactment. When a fee is fixed, if challenged it must be passed on. But in advance of this, there is no judicial authority. That portion of the complaint which seeks an injunction is dismissed.