Edgar J, Nathan, Jr., J.
Petitioners, the owners, officers and employees of a licensed cabaret bring this proceeding pursuant to article 78 of the Civil Practice Act, for an order annulling or modifying the determination of the Police Department suspending petitioners’ cabaret license for a period of three days over a week end for violation of regulation 12 of the Cabaret Regulations of the Police Department of the City of New York.
The Village Rathskeller, Inc., which operates a cabaret at 185 Thompson Street, in the Borough of Manhattan, has had a cabaret license since July 24, 1958. On August 19, 1959 the licensee was charged with violation of Police Department regu *4 lotion 12 and rule 43 of the Rules of the State Liquor Authority (N. Y. Off. Comp. of Codes, Rules & Regulations [11th Cum. Supp.], p. 284). After a Magistrate’s Court hearing, the petitioners’ officer was discharged on his own recognizance. On October 20,1959 a hearing was held at the Police Department’s Division of Licenses. Although petitioner was afforded an opportunity to be represented by counsel, it chose instead to appear by its president.
At the hearing it was established beyond doubt that petitioners had violated regulation 12. Thereafter, a three-day license suspension over a week end was imposed, and it is this penalty which petitioners seek to have annulled or modified.
Petitioners advance three contentions in support of their petition. The first is that regulation 12 is invalid per se in that it conflicts with rule 43 of the Rules of the State Liquor Authority, which, it is claimed, pre-empts the field of regulation. Regulation 12 of the Cabaret Regulations of the Police Department reads as follows: “ 12. Accessibility of cabaret. During the period that a cabaret is occupied by patrons or guests, every part thereof shall be kept accessible to authorized members of the Police Department and shall be illuminated by sufficient natural or artificial light to permit a person to read in every portion thereof nine point print of the kind generally used in the average daily newspaper.” Rule 43 of the Rules of the State Liquor Authority employs similar language, but adds the following sentence: “ Nothing herein contained shall, how-
ever, be construed as prohibiting temporary dimming of lights during a period of regular entertainment or other special occasions.”
Viewing both these regulations together, it cannot be said that they in any way conflict. The Police Commissioner is vested with the responsibility of supervising cabarets within the City of New York (New York City Charter, §§ 435, 436; Administrative Code of City of New York, § 436-1.0). The validity of this supervisory power has been previously upheld by the courts (Matter of Friedman v. Valentine, 177 Misc. 437, affd. 266 App. Div. 561). Considering the special problems that arise in relation to cabarets in this large metropolitan center, the court cannot say the Commissioner is acting arbitrarily, capriciously or unlawfully in applying a stricter standard to cabarets within New York City than obtains elsewhere in the State.
Petitioners also urge that, even if the Police Department regulation is deemed valid, the punishment imposed is overly severe. While it cannot be doubted that the imposition of a *5 three-day suspension over a week end will cause petitioners to lose considerable revenue, it cannot be said that this suspension is unwarranted. The fact that petitioners have, on 5 previous occasions within a 15-month period, violated police regulations, justifies the Police Commissioner in imposing such penalty.
Petitioners ’ final argument is that the Police Commissioner erred in characterizing the afore-mentioned transgressions as ‘ ‘ violations of law ’ \ "Whether or not this is so has no bearing upon this proceeding. The fact remains that on 5 previous occasions petitioners have failed to comply with police regulations applicable to their cabaret. There can be no doubt that the Police Commissioner proceeded properly in taking this into consideration in fixing the penalty imposed for the instant violation. Under all the facts and circumstances, the court cannot say that the Police Commissioner has acted in an arbitrary, capricious or unlawful manner. The petition is dismissed.