Aroh Steuer, J. P.
Plaintiff has appealed from an order of the Municipal Court which vacated a judgment and allowed the defendant City of New York to answer. It is necessary to consider not only the course of this litigation, but its background also. In 1952 defendant city, by ordinance raised the license fees to be paid by electricians from $25 to $100 per annum. In 1957 it again raised the fee to $250. A group of electricians, not including plaintiff, brought an action for a judgment declaring the ordinances of 1952 and 1957 unconstitutional and to enjoin collection of the fees. A motion for a preliminary injunction was withdrawn on the stipulation of the Corporation Counsel that all fees thereafter paid either by the plaintiffs in that action or other electricians were to be deemed paid under *616 protest. The action was tried in 1958 and resulted in a judgment declaring both ordinances to lie unconstitutional and this determination was affirmed by the Appellate Division and the Court of Appeals. (Adlerstein v. City of New York, 11 Misc 2d 754, affd. 7 A D 2d 717, affd. 6 N Y 2d 740.) The decision of the Court of Appeals was handed down on April [13], 1959. Meanwhile plaintiff had paid its license fees, accompanying each payment with a letter stating it was doing so under protest. On December 31,1958 it started this action for recovery back of the fees paid since 1952. Several stipulations extending the city’s time to answer were followed by a stipulation extending its time until the Court of Appeals reached a determination on the underlying case.
A week after the decision, April 20, 1959 plaintiff wrote the Corporation Counsel calling attention to the decision and inquiring as to the city’s intentions. No answer resulted. After another week, April 27, 1959, a further letter advised the Corporation Counsel that the city was in default and inquired whether any steps to open the default would be taken. No answer resulted. A similar letter was sent on May 4, which was likewise ignored. However, a telephone call on May 14, brought forth a promise that an answer would be served within two weeks. No answer was served. Plaintiff then moved on notice to the city to have the Clerk enter judjgment. The city opposed and requested an additional week to answer. On June 17, an order was entered and served on the city .allowing it to answer within one week and failing that, allowing the plaintiff to enter judgment. This was in accord with the city’s request expressed on the opposition to the motion. No answer was served, and three weeks later on July 13, judgment was entered. Six weeks later the city moved to open the default resulting in the order appealed from.
No excuse is offered for this conduct. No inadvertence nor ignorance of the situation is advanced. Instead the city argues that the rules applicable to other litigants do not apply to it and that even if its counsel deliberately defaults it is still entitled to open the default. The reasoning for this conclusion is that the funds of the city are expendable only for public purposes and no action of its counsel can change this. Further it would be possible for its counsel to connive -with litigants to lefault and thereby divert funds improperly.
While all of this is to an extent' true it goes no further than placing on the court a burden of taking reasonable means to see to it that the public funds or the public interest is not jeopardized by the default. But there is no sanction for the *617 city’s counsel to ignore process directed against the city. The possibility is just as great, if this be allowed, for the city to avoid its just obligations or to postpone them for unjustifiable periods.
While the conclusion reached would require no examination of the city’s proposed defenses the spirit of the determination requires that we look into them. As to the payments made under protest the position is that protest is unavailing unless there is coercion by the threat of incarceration or distraint of goods. There is no such principle, but even if there were, the threat of putting the payer out of business or subjecting him to serious penalty if he continued in business without a license under prevailing concepts would be coercion. This defense appears to be without any merit whatsoever.
As to the payments made under the 1952 ordinance no protest was made. These payments were in a sense voluntary and it may be conceded that they could not be recovered back. However they were payments that the city had no right to exact and a repayment is only fair dealing though perhaps beyond what could be enforced.
Lastly, the city pleads that the effect of the decision was to re-enact the prior license of $25, and this in any event would not be recoverable. The plaintiff concedes the validity of this position and consents to reduce the judgment in the amount indicated.
The order vacating judgment should be reversed, with $10 costs. The judgment is however, modified on consent by deducting therefrom $25 from each payment sued for and appropriate interest and as so modified to be entered.
Hofstadtei-i and Aurelio, JJ., concur.
Order reversed, etc.