Sidney A. Fine, J.
Plaintiffs move for judgment on the pleadings or summary judgment. Defendants cross-move for judgment in their favor dismissing the complaint.
*749 The action is representative in character. It is brought on behalf of all owners, operators, and employees of cabarets, artists performing in cabarets, and taxpayers of the City of New York, against Stephen P. Kennedy, as Police Commissioner, and against the Board of Trustees of the Police Pension Fund. The relief sought is (1) a judgment declaring unconstitutional and illegal regulations issued by the Police Commissioner, which require the fingerprinting of every employee of a cabaret who comes in contact or is likely to come in contact with patrons of such cabaret and which require all such employees to obtain identification cards; (2) an injunction against enforcement of said regulations; (3) a direction that the Police Commissioner account to plaintiffs for all the “ service ” fees of $2 charged for the issuance of each identification card; (4) a direction that the Board of Trustees of the Police Pension Fund account to plaintiffs for the proceeds of the $2 fees which were received by the Fund from the Police Department, together with ‘ ‘ interest, earnings and profit ”; (5) a judgment directing the repayment of all the $2 fees to the persons who paid them, and (6) an allowance to plaintiffs’ attorney of a legal fee out of the total of the “ service ” fees directed to be repaid with interest, etc.
The claim that the regulations requiring fingerprinting and identification cards are unconstitutional and illegal has already been held to be without merit in Matter of Friedman v. Valentine (177 Misc. 437, affd. 266 App. Div. 561). This court is bound by the determination of the Appellate Division that the regulations are valid. Plaintiffs claim, however, that the decision must be deemed to have lost its authority by reason of the subsequent determination of the Court of Appeals in Acorn Employment Service v. Moss (292 N. Y. 147) which held invalid certain regulations, issued by the Commissioner of Licenses of the City of New York, relating to employment agencies. It is to be noted that Mr. Justice Callahan, whose view that the employment agency regulations were invalid (266 App. Div. 829), was upheld by the Court of Appeals, concurred in the holding of the Appellate Division in Matter of Friedman v. Valentine (supra) that the Police Commissioner’s regulations relating to fingerprinting and identification cards were valid. In his concurring opinion, he said (p. 562): “ This ease differs from Acorn Employment Service, Inc. v. Moss ”. The powers conferred upon the Commissioner of Licenses, as Judge Callahan pointed out, were not as broad as those vested in the Police Commissioner. Furthermore, a comparison of the broad regulatory powers which the Commissioner of Licenses attempted to assume in the Acorn case (supra) with the limited *750 powers exercised by the Police Commissioner in the instant case, requires the conclusion that the Acorn case is so different and distinguishable from the Friedman case (supra) that the decision of the Court of Appeals in the Acorn case does not necessarily impair the authority and binding effect on this court of the Appellate Division holding in the Friedman case.
The court, accordingly, holds that the regulations herein attacked are constitutional and valid.
The plaintiffs’ attack upon the legality of the “service” charges for the issuance of identification cards is predicated (1) upon their claim that the regulations are invalid and that the charges fall within the regulations which provide for such charges, and (2) upon their contention that the Police Commissioner has no authority to impose charges for the issuance of the identification cards. The right to require the identification cards carries with it the implied authority to charge fees necessary to meet the cost of the service involved (Adlerstein v. City of New York, 11 Misc 2d 754, affd. 7 A D 2d 717, affd. 6 N Y 2d 740; Fox v. Kern, 12 N. Y. S. 2d 561). In the Adlerstein case the court held that a license fee in excess of the cost of the service involved was illegal. The complaint here, however, does not allege that the $2 fee for the issuance of an identification card exceeds the cost of administering the fingerprinting and other, services required. The fact that the revenues received from the $2 fees have been turned over to the Police Pension Fund does not necessarily indicate that the fees exceeded the costs involved. In fact, an affidavit submitted by a Deputy Police Commissioner states that the costs for the issuance and recording of each identification card far exceed the $2 charge. This is disputed by plaintiffs’ attorney. It is, however, unnecessary to consider this issue in view of the absence from the complaint of any allegation that the $2 fee exceeds the cost of rendering the services for which the fee is exacted.
Plaintiffs’ contention that the imposition of the fee violates section 67 of the Public Officers Law and sections 1826 and 1830 of the Penal Law is without merit. Those statutes have no application here.
Plaintiffs also maintain that there is no authority for the provision in the Police Regulations that the fees collected be deposited to the credit of the Police Pension Fund. Even if this be so, plaintiffs are not in a position to litigate the validity of said provision. No harm is shown to have resulted to the city, for section B18-3.0 of the Administrative Code of the City of New York requires the Board of Estimate to annually include in the budget a sum sufficient to meet any deficiency in *751 the Police Pension Fund. The Police Commissioner, in his affidavit in support of the cross motion for summary judgment dismissing the complaint, states that “ it is a matter of public record that the amount of such deficiency each year greatly exceeds the amount received by the Fund from the cabaret fees ’ ’. This statement is not denied. Since the city has, therefore, not been shown to have been financially damaged by the regulation, which merely has the effect of reducing the amount the city must pay into the Fund to meet its annual deficits, a taxpayer’s action may not be successfully maintained. Such an action, to be successful, must establish waste of municipal funds.
The motion for judgment in favor of plaintiffs is denied, and the cross motion for dismissal of the complaint is granted.