Frank A. Gulotta, J.
This motion to dismiss the complaint pursuant to 3211 C'PLR asserts that it fails to state a cause of action and that no justiciable controversy exists which can properly be made the subject of a declaratory judgment. The plaintiff asks for summary judgment in his favor on the theory that defendant’s motion may be considered the equivalent of a summary judgment motion (3211, subd. [c]) and that no cross motion is therefore necessary (ibid subd. [b]).
The statute which plaintiff attacks reads as follows: “ § 467-a. Registration of attorneys and counsellors-at-law. Every attorney and counsellor-at-law duly licensed and admitted to practice law in this state on the first day of September, nineteen hundred sixty-three, shall, on or before the first day of January, nineteen hundred sixty-four, file with the clerk of the *436 court of appeals a certificate of registration upon a form which shall be furnished by the clerk, upon application therefor. A fee of fifteen dollars shall accompany the certificate of registration when it is transmitted to the clerk of the court of appeals for filing.”
The subject has been thoroughly briefed in all its possible aspects by the parties and amicus curies, and this has been most helpful, but the court will confine this opinion to the relatively few points which it deems necessary to a disposition of the case.
It will be observed that the statute bears the hallmark of a hastily conceived piece of legislation, which shows little purpose except to raise a substantial sum of money (as it turns out, about $750,000), and indeed such is its history, it having been submitted by the Rules Committee, passed and signed by the Governor, all in a three-day period. It has no specified sanction for its enforcement; it does not direct the Clerk of the Court of Appeals as to what is to be done with the certificates filed with him or in what way they are to be utilized for any useful purpose.
It is contained in a bill (L. 1963, ch. 204) which amended numerous existing laws so as to increase licensing fees for various businesses, professions and semi-professions, and I think it fair to conclude that it was intended as a licensing measure, although it has no provision for continuous registration such as is found in similar legislation regulating the practice of medicine and providing for a biennial fee of $15. But even conceding all this, it would not follow that the legislation is void and unconstitutional because of this deficiency.
With considerable ingenuity the Attorney-General argues that this is neither a tax measure which might bring it into conflict with section 22 of article III of the State Constitution providing: ‘' Every law which imposes, continues or revives a tax shall distinctly state the tax and the object to which it is to be applied ” or a licensing fee measure, but a “ one-shot ” census taking of active lawyers as of September 1, 1963, not because that date has any particular significance, but because it was necessary to select some cutoff date.
This brings us to the point of what I regard as the nub of this case, i.e. the “ equal protection clause ” of the State and Federal Constitutions. I do not think Adlerstein v. City of New York (11 Misc 2d 754, affd. 7 A D 2d 717, affd. 6 N Y 2d 740) relied on by the plaintiff, is helpful because that case dealt with a licensing statute where the label was important because they were dealing with a delegation of authority to pass a licensing statute. The opinion states (p. 755): “ There is accord that the section of the code is not a revenue statute. There is further agreement *437 that the fee which may be charged for the issuance of a license is such that will compensate the licensing authority for issuing and recording the license and pay for inspection to see to the enforcing of the license provisions.” In view of these concessions, it is clear that the power to pass the ordinance was reviewed in a very limited context. This was true in People v. Jarvis (19 App. Div. 466) as well. We, on the other hand, are dealing with the State Legislature which is the source of delegated power and therefore suffers from no .similar limitation.
Furthermore, contrary to Adlerstein, the amount involved here is concededly not disproportionate for a true licensing fee, if the statute had some sensible licensing procedure.
The limits on the power of the State Legislature are to be found in the Constitution, .State and Federal, or they do not exist.
The diminution of salaries of elected Judges attack (N. Y. Const., art. VI, § 25) need not detain us long, because the statute does not purport to do anything to their salaries as Judges, but treats with them in their capacities as attorneys, and it would be unduly straining the meaning to reach to such lengths. One might as well say that if a Judge needs a car to get to work, his car license fee could not be changed while he was in office.
The “ equal protection of the laws clause ” however (U. S. Const., 14th Arndt., § 1 and N. Y. Const., art. I, § 11) presents a mole serious problem.
There can be no question but that this law discriminates in favor of lawyers admitted after September 1, 1963. Numerous cases there are which sustain classifications which bear some reasonable relation to the object sought to be accomplished, this being a permissible discrimination under the “ clause ”.
It is difficult to see, however, what that relationship can be here. True it is, that we can surmise that this will be followed by other legislation which may use the present registration for compiling a current up-to-date list, which may aid in law enforcement against unauthorized practice of law, etc., but to sustain present legislation in this fashion, is not to apply a constitutional yardstick ‘ ‘ in praesenti ’ ’.
To justify a cutoff date the inherent nature of the activity must call for, or at least permit, a cutoff. But if the purpose is to register qualified attorneys, there is no rhyme or reason to a cutoff date — perhaps a time limit to register after admission or the like, but a cutoff date necessarily prefers some members of a class at the expense of others of the same class, although they are alike as two peas in a pod. (Morey v. Doud, 354 U. S. 457; People ex rel. Farrington v. Mensching, 187 N. Y. 8.)
*438 In People ex rel. Moskowitz v. Jenkins (202 N. Y. 53) a city ordinance passed pursuant to a State act- was examined for constitutional sufficiency as a licensing statute under. the police powers and as a taxing statute under the general power to raise revenue and was found to be insufficient on both counts. It was said (pp. 59-60): “It is undoubtedly true that the legislature may impose on professions, callings, businesses and vocations license fees for the purpose of revenue, and though termed license fees, they are enacted not under the police power, but under the power of taxation. There exists also in the legislature the right to classify vocations or businesses for the purpose of taxation. One class may be taxed at one rate and another class at another rate. But the right to classify, though very broad, is not absolutely unlimited. In People ex rel. Farrington v. Mensching (187 N. Y. 8) we held that a law imposing a tax upon the sale and transfer of shares of stock at a specific rate per share instead of upon its real or nominal value was not a justifiable classification. Judge Vann, in writing for this court, and referring to the United States Supreme Court, said: ‘ By this we do not understand that great court to mean that the relation must necessarily be “ reasonable and proper” according to the judgment of reviewing judges, but that the court must be able to see that legislators could regard it as reasonable and proper without doing violence to common sense. In other words, there must be enough reason for it to support an argument, even if the reason is unsound.’ (p. 22.) We held the same doctrine in Matter of City of New York (190 N. Y. 350). Treating the statute and the ordinance passed under it as an exercise of the taxing power (though I have no idea it ever was intended as such), the classification is plainly arbitrary and unreasonable. Transient retailers might be subjected to a reasonable tax, but why a retailer who said his goods were bankrupt or damaged stock should be taxed $100 in a month, and a transient dealer who refrained from such statement should be taxed nothing, I am at a loss to imagine on any theory of taxation, though as a statute to prevent competition, the reason for the distinction is apparent. ’ ’ Here we have a statute which either licenses some attorneys and not others, or taxes some and not others, with nothing apparent to justify the discrimination.
To the defendant’s original argument that no justiciable issue is presented because the absence of any penalty in section 467-a rendered it innocuous, a sufficient answer is made by observing the plaintiff’s- clear duty as an attorney to obey valid laws whether they carry any sting or not and his liability to disciplinary proceedings for ignoring them, I do not -think that the *439 passage of the deadline for registration has rendered the threat any less real or destroyed the genuineness of the controversy, as is urged in the reply brief as ail additional ground for declining to take jurisdiction. Accordingly defendant’s motion is denied, and summary judgment granted in favor of plaintiff.