Emilio Nunez, J.
Plaintiffs seek a decree declaring unconstitutional under the United States and New York State Constitutions subdivision 4 of section 107-a of the Alcoholic Beverage Control Law (as amd. by L. 1963, ch. 204, § 38), hereinafter referred to as section 38. They also seek a permanent injunction against the enforcement of any of the provisions of section 38.
Plaintiff Hornell Brewing Co., Inc. discontinued during trial; no proof was offered and no witnesses were called on behalf of plaintiffs Duggans Distillers Products Corp. and Penn Yann Wine Cellars, Inc. Therefore the complaint is dismissed as to them.
Willie’s Wine & Liquor Store, Inc., one of the two remaining plaintiffs, is a package store liquor retailer; Asche-Bandor Cor *581 poration, the other remaining plaintiff, is a wholesale liquor dealer. Both are licensed by the State Liquor Authority under the Alcoholic Beverage Control Law.
The defendants are the Commissioners of the New York State Liquor Authority, charged with the duty of administering and enforcing the Alcoholic Beverage Control Law, including the provisions of section 38. Section 38 requires registration of all brand or trade name labels of liquors, wines and beers and the payment of a uniform annual fee for registration of any such label of $100 for every liquor label, $50 for every beer label and $20 for every wine label. The fees are required to be paid for each label so registered without regard to the amounts labeled and sold under each label.
Plaintiffs complain that the registration fees imposed by section 38 fall heaviest and discriminate against the so-called “ private ” labels and that the fees are in effect a tax disguised as a license fee. Prior to the enactment of the fee requirement, the retailer, distributor or wholesaler was required only to file a label containing certain information but without the payment of any fee. The result was that many liquor dealers filed hundreds of private brand labels, many of which were very seldom, if ever, used. Both Asche-Bandor Corporation and Willie’s Wine & Liquor Store, Inc. deal quite extensively in private brand labels in competition with standard, regional and/or national brand labels. Plaintiffs claim that it is unfair to require them to pay a fee of $100 for a private label of which they may sell only three cases of liquor a year and to require one of the national distributors to pay the same $100 fee for a brand which may sell 10,000 cases of liquor a year. Plaintiffs also claim that their business has been materially and adversely affected by the filing fee.
The proof adduced at the trial did not support the contentions that plaintiffs were adversely affected. The proof is the other way. In the case of each plaintiff, its business increased following the enactment of the law complained of, and I find as a fact that such private labels as were discontinued by the plaintiffs were discontinued because they were not selling enough products to justify their continuance; that the filing fee is only one of the elements that a businessman takes into consideration in determining whether the handling of a product is justified or not. Obviously, there are others, such as handling, storing and consideration of utilizing the time and effort to be devoted to any given private label or to the other and more profitable products. While it is true that fewer private labels have been registered by both plaintiffs since the enactment of the fee schedule, they *582 have failed to establish to my satisfaction that their business has been adversely affected by the new law.
Plaintiffs complain that section 38 is unconstitutional for the following reasons: (1) The fees are arbitrary, excessive and unreasonable and bear no relationship to the actual or reasonable cost of registration; (2) the imposition of uniform fees without regard to the quantities sold is unfair and discriminatory and confiscatory; (3) the provisions of the section do not serve any legislative or public purpose and are not based upon any reasonable classification; (4) the section constitutes class legislation conferring great benefits and advantages upon dealers in national brands and great detriment and disadvantage upon dealers in private brands; (5) the effect of the section is to sharply reduce the value of the tangible and intangible assets of plaintiffs without compensation; and (6) there is no legislative finding or policy justifying the enactment of the section and there is an unconstitutional delegation of legislative power to the State Liquor Authority.
Defendants’ answer constitutes a general denial of unconstitutionality and the assertion that section 38 is in all respects lawful and that the enactment constitutes a lawful exercise of the authority of the New York State Legislature. The answer prays for a dismissal of the complaint or, in the alternative, a declaration that the law under attack is constitutional.
Plaintiffs have placed great reliance upon the case of Adlerstein v. City of New York (11 Misc 2d 754, affd. 7 A D 2d 717, affd. 6 N Y 2d 740). In that case the court, in part, stated (p. 755): “ the fee which may be charged for the issuance of a license is such that will compensate the licensing authority for issuing and recording the license and pay for inspection to see to the enforcing of the license provisions. (People v. Jarvis, 19 App. Div. 466; Sperling v. Valentine, 176 Misc. 826.) ”
On March 29, 1965, the Appellate Division, Second Department, in Sweeney v. Cannon (23 A D 2d 1, 5) passed upon the constitutionality of section 467-a of the Judiciary Law (L. 1963, ch. 204, § 74) and in so doing stated in part: “ that in Adlerstein (supra) the power to pass the ordinance was reviewed in its very limited aspect as an exercise of the licensing power which had been delegated to the city. This was true, also, in the other case cited in behalf of plaintiff on this point (People v. Jarvis, 19 App. Div. 466). We, on the other hand, are now dealing with a legislative enactment which suffers from no such limitation. ‘ It is undoubtedly true that the legislature may impose on professions, callings, businesses and vocations license fees for the purpose of revenue, and though termed license fees, *583 they are enacted not under the police power, but under the power of taxation ’ (People ex rel. Moskowitz v. Jenkins, 202 N. Y. 53, 59) ”.
I find that the registration fees set forth in section 38 are not disproportionate for true license fees. In Sweeney v. Cannon (supra) the court also passed upon the claimed invalidity because the title of the law “ does not describe the enactment contained therein ” in violation of the New York State Constitution (art. III, § 22), which provides that every law imposing a tax shall distinctly state the tax and the object to which it is applied. The Appellate Division, at page 9, stated: “ It has been held repeatedly that this provision refers only to general taxes levied for the general purposes of the State, and not to taxes in the nature of license fees (People v. Fire Assn. of Philadelphia, 92 N. Y. 311, 327-328, affd. 119 U. S. 110; Trustees of Exempt Firemen’s Benevolent Fund v. Roome, 93 N. Y. 313, 329) ”.
In deciding plaintiffs’ challenge of constitutionality, we must bear in mind that: Legislative enactments carry with them an exceedingly strong presumption of constitutionality; every intendment is in favor of the statute’s validity; a heavy burden of proving by clear and convincing evidence rests upon him who attacks a law as unconstitutional; nothing but a clear violation of the Constitution would justify a court in overruling the legislative will. Legislative enactments may not be rendered invalid as denial of due process or equal protection under the law because they impose financial hardship, result in reduced income or make it impossible for some to continue in a particular business.
Plaintiff Willie’s Wine & Liquor Store was not more adversely affected by section 38 than any other licensed liquor retailer similarly situated. As stated before, while Willie’s may have filed fewer private labels, I find that its sales were not adversely affected and that Willie’s did as well and better financially after the imposition of these fees than it had done before. I make the same findings with reference to Asche-Bandor. It was treated the same as competitors. The statute did not result in a confiscation of its business in any sense and the proof shows that its financial condition improved in spite of the enactment of section 38.
There is no inherent right to engage in the business of selling liquors. In Matter of Yates v. Mulrooney (245 App. Div. 146, 147-148) the court stated: “ [A license] * * * is simply a temporary permit, issued in the exercise of the police power of the State, to do that which otherwise would be unlawful to do *584 * * *. No individual has an inalienable or inherent right to sell intoxicants * * * as to exempt him from legislative control * * *. The State may step in at any time, and prohibit the sale of intoxicants at any place or by any person, provided such action is taken pursuant to statute, and is not arbitrary or capricious, no matter how long the business has been carried on, or how serious a loss may result from such prohibition. ’ ’
While the court recognizes and finds that section 38 imposes an additional cost upon plaintiffs to conduct their respective businesses, there has been no evidence establishing discrimination or confiscation. Plaintiffs have failed to sustain the burden of demonstrating by clear and convincing evidence the unconstitutionality of the statute. They have not rebutted the favorable presumption mentioned above. In the court’s opinion, section 38 is in all respects valid and constitutional.
For the foregoing reasons, plaintiffs’ request for an injunction is denied, the complaint is dismissed and the statute complained of is declared to be constitutional.
Submit decree on notice.