John T. Casey, J.
After having allegedly inquired as to its legality and having been informed that the Alcoholic Beverage Control Law presented, no obstacle, the plaintiff made a considerable financial investment in the operation of a “ bottle club As the name implies, patrons were permitted to bring or to keep their own bottles of liquor on the plaintiff’s premises and were permitted to drink therefrom incidental to dancing and other entertainment provided by the plaintiff for the price of admission. Other than storing or dispensing their own liquor to the customers the plaintiff never sold or trafficked in alcohol.
On or about May 22, 1969 an act to amend the Alcoholic Beverage Control Law in relation to licenses to sell liquor on premises commonly known as bottle dubs (the amendment to be added as a new section 64-b of said law) passed the Legislature and was approved by the Governor. (L. 1969, ch. 786.) By the terms of section 3 thereof this act was to take effect June 1, 1969. Section 1 of this statute makes it unlawful to permit persons to consume alcoholic beverages, whether or not provided by the operator of the premises or brought thereto by the patrons, unless an appropriate license is first obtained from the State Liquor Authority. The other pertinent provisions of the bill are: subdivision 2 which provides that 11 upon or after the effective date hereof any person may make an application to the appropriate board for a special license to operate a bottle club subdivision 3 which provides that such application be in such form as required by the rules of the Liquor Authority and accompanied by the required fee, and subdivision 4 which provides that section 54 of this chapter shall control as far as practicable the procedure in connection with the application.
*716 On June 13,1969 the secretary of the plaintiff corporation was arrested and charged with failing to have the required license. This case is still pending in Justice Court and has been stayed by court order until disposition herein of the plaintiff’s claim that the statute is unconstitutional and that its enforcement should be enjoined.
Plaintiff contends that none of its officers lmew or were told of the enactment of the statute until its secretary’s arrest. It is further argued that when the plaintiff’s attorney called to make inquiry of the Alcoholic Beverage Control Board as to interim licenses he was told that no provision had been made therefor and no forms were available. The plaintiff did nothing further to procure a license. Certainly one so vitally interested as the plaintiff is presumed to know the law respecting the operation of its very business. Regardless, however, there was no requirement that the plaintiff be informed. The plaintiff had no license and, therefore, was not under the jurisdictional tent of the Alcoholic Beverage Control Law and neither the Liquor Authority nor any local board had a duty to inform the plaintiff of the licensing requirement. Consequently, failure to notify plaintiff did not violate the plaintiff’s right of due process or equal protection of the law (cf. Matter of Town of Hempstead, 142 N. Y. S. 2d 758).
The plaintiff’s principal contention is that the subject statute is unconstitutional both on its face and as it applies to the plaintiff. Violations of due process, equal protection and bill of attainder are claimed.
According to section 2 of the Alcoholic Beverage Control Law the public policy of this State with regard to alcoholic beverages is to regulate and control not only their manufacture and sale but also their distribution (People v. Ryan, 274 N. Y. 149). In 1935 traffic in alcohol was declared subject to regulation by the State in the exercise of its police power (Calvary Church v. State Liq. Auth., 245 App. Div. 176, affd. 270 N. Y. 497). It was further stated that no person had a vested right to engage in the sale of intoxicants exempt from legislative control and that the State may prohibit the sale of intoxicants at any place or by any persons irrespective of how long the business has been carried on or how serious a loss may result from such prohibition (Yates v. Mulrooney, 245 App. Div. 146). As recently as July, 1965 the same policy was reaffirmed (Seagram & Sons v. Hostetter, 16 N Y 2d 47; cf. Mahoney v. Triner Corp., 304 U. S. 401). Countless authorities attest to the statement that the Legislature has wide discretion in determining what the interests of the public require and what measures are *717 reasonably necessary for the protection of such interests (Defiance Milk Prods. Co. v. Dumond, 285 App. Div. 337, affd. 309 N. Y. 537), and that “ the question of the wisdom of a Legislative enactment is not for the courts to decide rather, “ the courts should seek only to determine that the relationship between the ends sought and the means adopted is not wholly vain or fanciful or an illusory pretense ” (Grimm v. City of New York, 56 Misc 2d 525, 527).
Individual rights are always subject to the proper exercise of police power for the public good (People v. Faxlanger, 1 A D 2d 92, affd. 1 N Y 2d 393), even though such regulation impairs or imposes controls on businesses which had operated for considerable time before the licensing requirement (Matter of Engelsher v. Jacobs, 5 N Y 2d 370; Winther v. Village of Weippe, 91 Idaho 798; People v. Faxlanger, supra), or imposes financial hardship, results in reduced income, or makes it impossible for some persons to continue in a particular business (Asche-Bandor Corp. v. Hostetter, 47 Misc 2d 580; Turner Nurses Agency v. State of New York, 17 Misc 2d 273). It does not follow from hardship that due process or equal protection has been denied (Asche-Bandor Corp. v. Hostetter, supra).
The only restrictions on such legislative enactment are that they be closely associated with the cause to be corrected, reasonable, not arbitrary and applied equally to any person affected thereby (New York State Thruway Auth. v. Ashley Motor Ct., 12 A D 2d 223). If certain businesses are made lawful by license, however, then such license, once obtained, cannot be revoked or suspended arbitrarily, capriciously or unreasonably, or withheld so as to eradicate such businesses. (Winther v. Village of Weippe, supra; Matter of Katz v. Moss, 184 Misc. 133). Constitutional provisions do not forbid statutes to have a beginning and thus to discriminate between the rights of an earlier and later time; and legislation written to apply for the first time on or after its effective date only to persons falling within a particular class or category is not necessarily constitutionally invalid (New York State Comm. Against Discrimination v. Pelham Hall Apts., 10 Misc 2d 334). Nor is such legislative act imposing licensing requirements and operating prospectively prohibited as a bill of attainder. To be such, punishment must be imposed upon named or readily ascertainable members of a group for past conduct without the opportunity of judicial trial (Matter of Peters v. New York City Housing Auth., 283 App. Div. 801, revd. on other grounds 307 N. Y. 519; Lanza v. Wagner, 11 N Y 2d 317, cert. den. 371 U. S. 901).
*718 It is not necessary that licensing legislation prescribe specific rules of action where it is difficult or impractical to do so. A reasonable amount of discretion may be delegated to administrative officers (Martin v. State Liq. Auth., 43 Misc 2d 682, affd. on opn. of Mr. Justice Cooke, 15 N Y 2d 707; Seagram & Sons v. Hostetter, 45 Misc 2d 956, affd. 16 N Y 2d 47).
In weighing a constitutional challenge such as advanced by the plaintiff here, the courts observe the following legal principles : that a legislative enactment carries with it an exceedingly strong presumption of constitutionality; that every intendment is in favor of the statute’s validity; that the heavy burden of demonstrating unconstitutionality beyond a reasonable doubt rests upon the one who claims it; and that only as a last unavoidable result do courts strike down a legislative enactment as unconstitutional■(Seagram & Sons v. Hostetter, supra; Martin v. State Liq. Auth., supra).
There has been no showing here by the plaintiff that the statute is unconstitutional on its face. When the plaintiff permitted liquor to become an integral part of its business, even though the method used was not at the time subject to control, it procured no vested interest in such business and knew or should have known that such aspect of its business was always subject to licensing requirements. The liquor business in this State has never been on a constitutional or legal parity with the rights of people who trade in bicycles, cosmetics or furniture (Seagram & Sons v. Hostetter, supra). It does not appear that the plaintiff here has made a substantial attempt even now to apply for a license and it cannot be presumed prospectively that the Alcoholic Beverage Control Board or its agents will act illegally or improperly in the issuance of licenses (Cantlin v. State Liq. Auth., 23 A D 2d 930).
Furthermore, the plaintiff here has not demonstrated that there was any such intentional or purposeful discrimination in the enforcement of the statute as to be unconstitutional as to it in violation of the doctrine of Yick Wo v. Hopkins (118 U. S. 356, 373-374). If any such discriminatory enforcement exists it could, of course, be shown as a defense in the action against the plaintiff’s secretary in Justice Court. The procedure to be followed there when such claim is made is found in People v. Utica Daw’s Drug Co. (16 A D 2d 12, 16; cf. People v. Tornatore, 46 Misc 2d 908).
The plaintiff here has failed to sustain the burden of demonstrating unconstitutionality beyond a reasonable doubt. Already a similar statute was held constitutional in California (People v. Frangadakis, 184 Cal. App. 2d 540).
*719 The defendants herein have raised certain contentions that require brief -comment. It is their claim that the plaintiff’s action is factually defective and must be dismissed in that the constitutional issues must be raised in the action pending in Justice Court against the plaintiff’s secretary. This court is aware of the holding in Gilbert v. Village of Larchmont (280 App. Div. 1000), wherein it was stated “ that when another action between the same parties, in which all issues could be determined, is actually pending at the time of the commencement of an action for a declaratory judgment, the court abuses its discretion when it entertains jurisdiction of the latter action.” This holding only applies when the parties are identical, however. Here, the plaintiff corporation, as distinguished from its secretary, has a right as a party aggrieved and for or against whom no other action is pending to have its rights declared.
The defendants further claim that this court should not proceed to a determination in the absence of a necessary party, to wit: the Albany County Beverage Control Board. Since no application for a license has been filed with the local board by the plaintiff and since no determination has been made by said board and since no rule or determination of the local board is being attacked by this plaintiff, this court finds that the local board is not a necessary party and this case does not fall within the provisions of section 42 of the Alcoholic Beverage Control Law.
No factual questions having been raised, declaratory judgment may be appropriately directed (Martin v. State Liq. Auth., 43 Misc 2d 682, affd. 15 N Y 2d 707). When the constitutionality of a statute is upheld it is error to dismiss the complaint in an action for a declaratory judgment merely because the plaintiffs were not entitled to the determination sought by them (Lanza v. Wagner, 11 N Y 2d 317). A determination should be made as to the rights of the parties (Cantlin v. State Liq. Auth., 23 A D 2d 930).
Accordingly, the defendants’ motion to dismiss the complaint is denied and judgment is directed in favor of defendants declaring the statute in all respects constitutional and valid. Plaintiff’s demand for injunctive relief is denied and the stay is vacated (Seagram & Sons v. Hostetter, supra).