Richard J. Cardamons, J.
The petitioner has instituted an article 78 proceeding against the Commissioner of Public Works of the City of Rome and the Examining Board of Plumbers of the City of Rome, protesting the imposition by respondents of a $10 recertification fee for his master plumber’s license.
The petitioner has been a master plumber in the City of Rome for a number of years; A resolution of the respondent Examining Board passed on January 31, 1961 assessed a $10 annual fee for the renewal of master plumbers’ licenses. The respondents contend that the master plumbers ’ licenses expire each year and are required to be renewed.
*886 The petitioner contends that there is no authority for the Plumbing Board to charge an annual renewal fee and that an attempt to assess the petitioner is an illegal, arbitrary, discriminatory and unconstitutional charge.
State-wide legislation in the field of plumbing is provided for in article 4 of the General City Law. By enacting article 4 of the General City Law the State of New York did not intend to pre-empt the entire field of plumbing. On the contrary, article 4 itself grants to the Examining Boards, set up under its authority, powers and duties as set forth in section 44. Subdivision 4 of that section grants to the Examining Board the power to charge and collect $10 for each examination made by subject board. It was pursuant to this authority that the City of Rome enacted section 10-76 of the Rome City Code.
A question to be resolved here is whether the imposition of this renewal fee is a local law which supersedes the State statute. Some conclusions as to the Legislature’s intent in this area may be drawn from an examination of section 45-b, which permits the City of New York to charge a renewal fee of $2 per annum without a re-examination. This applies to all cities of the State, including the City of New York. Another identical section 45-b, with the same language (except the reference to the City of New York’s $2 renewal fee) applies to all cities of this State excluding the City of New York. The latter section 45-b was enacted by chapter 734 of the Laws of 1969 pursuant to a home rule request under the provisions of article IX (§2, subd. [b], par. [2]) of the Constitution. The $2 renewal fee in New York City was first authorized by chapter 324 of the Laws of 1923. It would thus appear that the State Legislature, in enacting two versions of section 45-b of the General City Law, limited the annual renewal fee in the City of New York to the sum of $2 and was silent as to the imposition of an annual renewal fee in all the other cities of New York State.
Local laws, which do not prohibit what the State law permits, nor allow what the State law forbids, are valid; as are applications by a municipality which extend a statute but do not contravene it. (Wholesale Laundry Bd. of Trade v. City of New York, 17 A D 2d 327, 331, affd. 12 N Y 2d 998.) The imposition of such an annual renewal fee not prohibited by the State law is a valid exercise of the municipality’s powers granted to the city to act in relation to its own property, affairs or government, under the Constitution and State statute (N. Y. Const., art. IX, § 2, subd. [b], par. [2]; McMillen v. Browne, 14 N Y 2d 326, 330).
Further, annual renewal is implicitly mandated by the statute which provides that all licenses issued by the Examining Board *887 shall expire on the 31st day of December in the year they are issued (emphasis supplied). The licenses may be renewed within 30 days preceding such expiration, the renewal to be for a period of one year from the first day of January in each year (General City Law, § 50).
Finally, the imposition of such a fee by respondent may not be an unconstitutional attempt to raise revenues. Thus, where a renewal fee for electricians was raised from $25 to $250 it was held unconstitutional. The revenues raised were to meet the expenses of regulating the business of electricians and could not be cast in the guise of a license fee. (Adlerstein v. City of New York, 11 Misc 2d 754, 755, affd. 7 A D 2d 717, affd. 6 N Y 2d 740.)
Here, however, the amount of fee bears a reasonable relationship to the Examining Board’s expenses for issuing and. processing the annual license renewals. The $10 renewal fee cannot be construed to be an unconstitutional revenue-producing tax.
Accordingly, the petitioner’s application to permanently enjoin the respondent Examining Board of Plumbers and . the City of Borne from the collection of the $10 annual renewal fee for registration of plumbers is denied.