John T. Casey, J.
The petitioner seeks to compel the Commissioner of Education of the State of New York to continue his long-established practice of supplying the petitioner with lists of all of the applicants for the New York State Certified Public Accountant’s examination or, in the alternative, to permit the petitioner access to the respondent’s records so that the petitioner itself might compile the lists for use in its business. If granted in either manner the petitioner would always have an up-to-date list of applicants available for solicitation to take the petitioner’s approved review course preparatory to the examination. The respondent moves to dismiss the petition in point of law.
The reason for the commissioner’s discontinuance of his former practice of supplying the lists was due to the enactment of article 6 of the Public Officers Law known as the Freedom of Information Law (eff Sept. 1, 1974). The purpose of that law generally is to implement the right of the citizen to know the functioning of his government (Matter of Dillon v Cahn, 79 Misc 2d 300), but in subdivision 3 of section 88 it provided that an agency or municipality (in the absence of guidelines by the Committee on Public Access to Records) may delete identifying details to prevent an unwarranted invasion of personal privacy. If this law went no further, the decision in Friedman v Fumo (9 Pa Commonwealth Ct 609), would supply some reason for granting the petitioner’s relief. In Friedman the Pennsylvania court was interpreting the Pennsylvania Right to Know Act of June 21, 1957 (Pa Stat, tit 65, § 66.1 et seq.), specifically subdivision (2) of section 66.1, which stated that "public records * * * shall not include any record * * * which would operate to the prejudice or impairment of a person’s reputation or personal security”. It was held by the Pennsylvania court that a record that one had taken a certified public accountant’s examination would not violate that exception even though one could ascertain who failed the examination by comparing the lists of those taking it with the *932 list of those who passed. Accordingly, that court permitted the petitioner access to the list of applicants to copy the same for use in its business.
The difficulty in relying on Friedman is that the New York Legislature created a broader exception to the procurement of lists than did the Pennsylvania Legislature. The New York Legislature (Public Officers Law, § 88, subd 3) defined what it meant by "an unwarranted invasion of personal privacy” to include in paragraph d "the sale or release of lists of names and addresses in the possession of any agency or municipality if such lists of names would be used for private, commercial or fund raising purposes”. Clearly, the commercial character of the petitioner’s business brings it within the statutory exception and thereby prohibits the respondent commissioner from further compliance with his practice of supplying the lists. That the petitioner never misused the prior practice and that the petitioner’s purpose is educational and helpful are beside the point. The legislative expression is clear and unambiguous. Lists of applicants for examination for commercial purposes specifically are an unwarranted invasion of personal privacy. That such was a long-standing practice before the enactment is likewise irrelevant. Neither the State nor its agencies may be estopped by acts done in prior years. (See Matter of Marx v Goodrich, 286 App Div 913.) The only relief that would be available to the petitioner herein would result from a declaration by this court of the unconstitutionality of paragraph d. The heavy burden imposed to reach that result has not been met by the petitioner herein because it cannot be said that the commissioner’s decision to refuse to supply the lists is arbitrary. (College Barn v State of New York, 60 Misc 2d 715, affd 25 NY2d 657.) Moreover, the petitioner is not seeking the lists for any purpose that is public (in the capacity of a police agency or the like) or for any other purpose consonant with the spirit of the statute but for its own commercial interest.
Accordingly, the petition is dismissed.