■ MANITOU SAND & GRAVEL CO., INC., Respondent, v TOWN OF OGDEN et al., Appellants. — Judgment unanimously affirmed, with costs. Memorandum: In 1979 petitioner Manitou Sand and Gravel Co., Inc., successfully challenged certain conditions contained in an excavation permit issued to it by respondent Town of Ogden which prohibited excavation of bedrock and excavation below an elevation of 595 feet above sea level. The town did not appeal that determination. A similar permit issued in 1980 prohibited excavcation below 600 feet above sea level. On application by Manitou, Special Term vacated this depth limitation on the ground of collateral estoppel, observing that it would have reached the same conclusion under the doctrine of res judicata. Both res judicata and collateral estoppel are designed to put an end to a matter once duly decided but each has a distinctive application. Thus, res judicata, or "claim preclusion," is invoked when parties seek to relitigate entire causes of action between them and applies to matters which were actually litigated or could have been litigated in the earlier action. Collateral estoppel, or "issue preclusion," is invoked when the cause of action in the second proceeding is different from that in the first and applies to a prior determination of an issue which was actually and necessarily decided in the earlier decision (see *Schuylkill Fuel Corp. v Nieberg Realty Corp.,* 250 NY 304, 306-307). It is confined to the point actually determined and applies only to issues which were actually litigated, not to those which could have been litigated. (See *Matter of Reilly v Reid,* 45 NY2d 24; *Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65; *People ex rel. Watchtower Bible & Tract Soc. v Haring,* 286 App Div 676; Siegel, New York Practice, §§ 442, 443.) Applying these general principles to the instant case *res judicata* cannot apply. The first action, decided in 1979, concerned itself with an excavation permit which by its terms ran from June, 1979 to June, 1980. The 1980 action concerned itself with the permit application for 1980 and was thus an entirely new cause of action. However, collateral estoppel does apply since an integral part of the 1979 proceeding concerned the depth limitation placed upon excavation which limitation was found by the court in 1979 to be arbitrary and capricious. The fact that the depth limitation in the 1980 permit was five feet different from that in the 1979 permit is of no moment. Special Term was correct in concluding that this difference in the number of feet involved was insignificant and did not support the contention that it amounted to such a change in circumstances as to require a departure from the determination made in the 1979 proceeding (see *People ex rel. Watchtower Bible & Tract Soc. v Haring, supra).* This was an issue previously determined and was an integral part of the first action and the town board is bound by that determination, not having appealed from it *(Matter of Reilly v Reid, supra).* The town board also appeals from a determination of Special Term which vacated and annulled the condition attached to the 1980 permit issued to Manitou which based the $50 per acre fee on any open and unrestored area as calculated by the town engineer pursuant to section 23-7 of the town code. The town asserts that charging this fee to any open and unrestored area serves two regulatory purposes: first, it will deter the maintenance of open and unreclaimed land, and encourage its rapid reclamation; second, it will provide funds necessary to monitor and inspect the work being done and generally cover licensing and related administrative costs. Prior to 1980 the permit fee under section 23-7 of the code was levied on the basis of actual areas to be excavated. Section 23-6 of the code requires the applicant for a permit to provide a surety bond in the amount of $5,000 for each acre or fractional part thereof covered by the permit, the purpose of which the board concedes is to assure

that the open and unused areas will be reclaimed in accordance with the requirement of the code. It thus appears that in applying the $50 per acre fee to the areas to be reclaimed the town is partially duplicating an assessment. "It is well settled that where a license or permit fee is imposed under the power to regulate, the amount charged cannot be greater than a sum reasonably necessary to cover the costs of issuance, inspection and enforcement (see *Town of North Hempstead v Colonial Sand & Stone Co.,* 14 Misc 2d 727, 733; *Adlerstein v City of New York,* 11 Misc 2d 754, 755; 9 McQuillin, Municipal Corporations [3d ed rev], §§ 26.29, 26.36)." *(Matter of Torsoe Bros. Constr. Corp. v Board of Trustees of Inc. Vil. of Monroe,* 49 AD2d 461, 465.) (Appeal from judgment of Monroe Supreme Court — art 78.) Present — Dillon, P. J., Simons, Hancock, Jr., Doerr and Moule, JJ.