■ MANITOU SAND & GRAVEL CO., INC., Respondent, v TOWN OF OGDEN et al., Appellants. — Judgment unanimously modified and, as modified, affirmed, without costs, and matter remitted to Special Term, Monroe County, for further proceedings in accordance with the following memorandum: This court previously affirmed a determination of Special Term which, in a CPLR article 78 proceeding, annulled certain conditions contained in an excavation permit issued by the Town of Ogden to petitioner (*Manitou Sand & Gravel Co. v Town of Ogden,* 81 AD2d 1019). Our affirmance was grounded solely upon principles of collateral estoppel. On appeal to the Court of Appeals, that court, on summary consideration, reversed our determination on collateral estoppel and remitted the matter for our review of the merits of the article 78 application to annul the depth limitation condition imposed by the town board in connection with petitioner's excavation permit (55 NY2d 790). Despite the lower court's terse comment that it would have reached the same result "under a substantive review of the merits of condition five" (the depth limitation condition), the record before us is inadequate to make a value judgment of the contentions of the parties. Special Term made no findings and the affidavits and exhibits contained in the record contain sharply differing fact versions. Without claiming their exclusiveness, there are several questions which at this time remain unanswered concerning the reasonableness of the depth limitation imposed by

the town board, to wit, whether the depth limitation is necessary, whether such limitation was a reasonable means of achieving a proper end, what were the dangers such limitation was intended to correct or alleviate, what would be the effect of the limitation on plaintiff's business, and whether the town by its own actions had waived strict compliance with its own ordinance. CPLR 7804 (subd [h]) specifically provides that if a "triable issue of fact" is raised in an article 78 proceeding it shall be tried forthwith. Disputed factual issues in an article 78 proceeding should not be resolved on affidavits (*Mulligan v Lackey,* 33 AD2d 991; *Matter of Carucci v Dulan,* 24 AD2d 529, 530). (Remittitur from Court of Appeals — appeal from judgment of Supreme Court, Monroe County, Siracuse, J. — art 78.) Present — Dillon, P. J., Simons, Hancock, Jr., Doerr and Moule, JJ.